UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARY L. TRENT, | CASE NO. 1:09CV2680 |
| Plaintiff, | MAGISTRATE JUDGE GEORGE J. LIMBERT |
| v. | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

Mary L. Trent ("Plaintiff") seeks judicial review of the final decision of Michael J. Astrue ("Defendant"), Commissioner of the Social Security Administration ("SSA"), denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF Dkt. #1. For the following reasons, the undersigned REVERSES the Commissioner's decision and remands the instant case for further proceedings:

I.  **PROCEDURAL AND FACTUAL HISTORY**

On March 22, 2005, Plaintiff filed applications for DIB and SSI.[1] Tr. at 18; ECF Dkt. #18 at 1. Plaintiff's applications were denied initially and on reconsideration. Tr. at 37-42, 449-450, 459-464. Plaintiff filed a request for hearing before an Administrative Law Judge ("ALJ") and on April 14, 2008, an ALJ conducted an administrative hearing where Plaintiff was represented by counsel. Tr. at 495-515.

At the hearing, the ALJ heard testimony from Plaintiff. Tr. at 499-514. On June 27, 2008, the ALJ issued a Notice of Decision – Unfavorable. *Id*. at 18-28. Plaintiff filed a request for review

---

[1] Defendant correctly points out that Plaintiff's March 2005 application is not included in the administrative transcript. ECF Dkt. #18 at 1. The Court fails to understand why this document is missing from the file. Nevertheless, other documents support the March 2005 filing date. Tr. at 37-38, 40-41, 449-450. The file does include prior disability applications filed by Plaintiff on April 28, 2004 that the SSA denied initially and on reconsideration, with Plaintiff not appealing those denials. Tr. at 43-44, 452-453, 455. Accordingly, the 2004 applications are not before this Court for review.

of the ALJ's decision and on July 15, 2008, the Appeals Council issued an order denying the request for review. *Id*. at 5-14.

On November 16, 2009, Plaintiff filed the instant lawsuit seeking review of the Commissioner's decision. ECF Dkt. #1. On June 8, 2010, Plaintiff filed a brief on the merits. ECF Dkt. #14. On July 8, 2010, Defendant filed a brief on the merits. ECF Dkt. #18. On July 23, 2010, Plaintiff filed a reply. ECF Dkt #20. On August 3, 2010, the parties consented to the jurisdiction of the undersigned. ECF Dkt. #22.

**II**.     **SUMMARY OF RELEVANT PORTIONS OF THE ALJ'S DECISION**

In his decision, the ALJ found that Plaintiff had the following severe impairments: depression, anxiety, polysubstance abuse, and hepatitis C. Tr. at 21. The ALJ determined that Plaintiff's polysubstance use disorder met Listing 12.09 of 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). *Id*. The ALJ next determined that if Plaintiff stopped her substance abuse, her remaining limitations would have more than a minimal impact on her ability to perform basic work activities, thus rendering her impairments of depression, anxiety and hepatitis C severe impairments. *Id.* at 22. The ALJ further found that if she stopped substance abuse, Plaintiff would not have an impairment or combination of impairments that would meet or medically equal the Listings. *Id*.

The ALJ further found that if Plaintiff stopped substance abuse, she would have the residual functional capacity ("RFC") to perform a limited range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), in that she could lift and carry twenty pounds occasionally, and sit, stand and walk up to six hours of an eight-hour day with normal breaks. Tr. at 23. The ALJ found that Plaintiff's nonexertional limitations due to depression and anxiety would limit her to unskilled, simple, repetitive work. *Id*. The ALJ determined that if Plaintiff stopped substance abuse, she would be able to return to her past relevant work as a bench assembler with the RFC that he determined. *Id*. at 28. The ALJ concluded that because Plaintiff's substance use was a contributing factor material to the determination of disability, she was not disabled. *Id*.

**III.**    **STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS**

    **A.**     **The Standard Five-Step Process**

An ALJ must proceed through the required sequential steps for evaluating entitlement to

DIB or SSI. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

### B. Review of Cases Involving Substance Abuse

Under the Contract with America Advancement Act of 1996, a person shall not be considered disabled for disability benefits purposes if drug addiction or alcoholism would be a contributing factor material to a disability finding. *Bartley v. Barnhart*, 117 Fed.Appx. 993, 998 (6th Cir. Dec. 20, 2004), unreported, citing Pub.L. No. 104-121 § 105(a)(1); *see also* 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); H.R. 104-379, 104th Cong., 1995 WL 717402 (Leg.Hist.) at *20 (Dec. 4, 1995).

The Regulations provide for the following procedure to determine if drug addiction or alcoholism is material to the determination of disability:

> How we will determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
> > a) General. If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.
> >
> > (b) Process we will follow when we have medical evidence of your drug addiction or alcoholism.
> >
> > > (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
> > >
> > > (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.
> > >
> > > > (i) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.
> > > >
> > > > (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

20 C.F.R. §§ 404.1535 and 416.935. In other words, if the ALJ completes the five-step process outlined in section III.A., above and determines that a claimant is disabled with substance abuse, the ALJ must then proceed to conduct a second five-step analysis in order to determine if the claimant would still be disabled without the substance abuse. *Underwood v. Comm'r of Social Sec.*, No. 4:08-CV-2540, 2010 WL 424970 at *6, *10 (N.D.Ohio Jan 22, 2010). The claimant has the burden of proving that substance abuse is not a factor material to the determination of disability. *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir.2002); *Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir.1999).

**IV.** **STANDARD OF REVIEW**

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and

makes a determination of disability. This Court's review of such a determination is limited in scope by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990). The Court cannot reverse the decision of an ALJ, even if substantial evidence exists in the record that would have supported an opposite conclusion, so long as substantial evidence supports the ALJ's conclusion. *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir.1997). Substantial evidence is more than a scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is evidence that a reasonable mind would accept as adequate to support the challenged conclusion. *Id.*; *Walters,* 127 F.3d at 532. Substantiality is based upon the record taken as a whole. *Houston v. Sec'y of Health and Human Servs.*, 736 F.2d 365 (6th Cir. 1984).

## V. ANALYSIS

### A. Whether the ALJ erred in finding that Plaintiff's mental impairments were not disabling if she stopped substance abuse

Plaintiff contends the ALJ erred in finding that her mental impairments were not disabling if she stopped substance abuse. ECF Dkt. #14 at 14. She presents a number of arguments in support of her contention and begins by reviewing the weight that the ALJ assigned to the various treating and agency medical opinions. *Id*. at 17. Plaintiff points out inconsistencies in the ALJ's decision, asserting that the ALJ attributed significant weight to the opinions of both Dr. Yendrek and Dr. Wagner, an agency reviewing psychologist, but failed to adopt either of their opinions in full and failed to explain why he only partially adopted those opinions. *Id*. at 16.

The ALJ indicated that he gave "significant weight" to the March 17, 2008 opinion of Dr. Yendrek, Plaintiff's psychiatrist. Tr. at 27. In his March 17, 2008 opinion, Dr. Yendrek noted the one-year treatment relationship that he had with Plaintiff, provided his diagnoses of Plaintiff's conditions, and identified the medications that he prescribed for her. Tr. at 436. Dr. Yendrek further stated in this opinion that:

-5-

> At this time I do not believe that [Plaintiff] is able to work. #1) Her depression has never been under good control. #2) Medically she cannot get her Hepatitis C treated at this time because her mood is not stable and Inteferon treatment makes depression worse and also she continues to drink. Lastly, I do not believe she can work because of her continuing problems with alcohol, which would make it difficult for her to function.
>
> Until these issues are resolved, I do not see that within the next year she will be stable enough to attempt work. Unfortunately, she is not in any alcohol or drug counseling or individual counseling at this time, which may beneficial.

Tr. at 27, 445.

As acknowledged by the ALJ, Dr. Yendrek is Plaintiff's treating psychiatrist. Tr. at 27. An ALJ must adhere to certain standards when reviewing medical evidence in support of a claim for social security. Most importantly, the ALJ must generally give greater deference to the opinions of the claimant's treating physicians than to those of non-treating physicians. SSR 96-2p, 1996 WL 374188 (July 2, 1996); *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir 2004). A presumption exists that the opinion of a treating physician is entitled to great deference. *Id.*; *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 (6th Cir. 2007). Accordingly, if that presumption is not rebutted, the ALJ must afford controlling weight to the opinion of the treating physician if that opinion regarding the nature and severity of a claimant's conditions is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." *Wilson,* 378 F.3d at 544. "The determination of disability is [ultimately] the prerogative of the [Commissioner], not the treating physician." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) quoting *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir.1985). When an ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must consider the following factors in determining the weight to give to that opinion: the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors. *Id.*

If an ALJ decides to discount or reject a treating physician's opinion, he must provide "good reasons" for doing so. SSR 96-2p. The ALJ must provide reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's

-6-

medical opinion and the reasons for that weight." *Id.*  This allows a claimant to understand how his case is determined, especially when he knows that his treating physician has deemed him disabled and he may therefore " 'be bewildered when told by an administrative bureaucracy that he is not, unless some reason for the agency's decision is supplied.' " *Wilson,* 378 F.3d at 544 quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir.1999).  Further, it "ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule." *Id.*  If an ALJ fails to explain why he rejected or discounted the opinions and how those reasons affected the weight accorded the opinions, this Court must find that substantial evidence is lacking, "even where the conclusion of the ALJ may be justified based upon the record." *Rogers,* 486 F.3d at 243, citing *Wilson*, 378 F.3d at 544.

Despite acknowledging that Dr. Yendrek is Plaintiff's treating psychiatrist, the ALJ failed to apply the treating physician rule to Dr. Yendrek's March 17, 2008 opinion when determining that if Plaintiff stopped substance abuse, she would have the RFC for limited light work with nonexertional limitations for her depression and anxiety. Tr. at 23.  Under the treating physician rule, the ALJ was required to give Dr. Yendrek's opinion controlling weight if the opinion was "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record."  20 C.F.R. § 404.1527(d)(2).  Instead of determining whether Dr. Yendrek's opinion was entitled to controlling weight under 20 C.F.R. § 404.1527(d)(2), the ALJ simply afforded significant weight to the opinion. Tr. at 27.  The ALJ did not engage in the appropriate analysis under 20 C.F.R. § 404.1527(d)(2).

Moreover, in attributing "significant weight" to Dr. Yendrek's March 17, 2008 opinion, the ALJ took administrative notice that alcohol has been shown to exacerbate symptoms of mental disorders" and then he found that it was "reasonable to assume that if the claimant stopped consuming alcohol, her depressive symptoms would improve with ongoing treatment." ECF Dkt. #14 at 14-15, citing Tr. at 27.  The only Social Security regulations permitting an ALJ to take administrative notice are 20 C.F.R. § 404.1566(d) and 416.966(d) which provide that an ALJ will take administrative notice of reliable job information from government publications and other sources when certain findings are made.  The Court is not aware of any other regulation that permits

-7-

the taking of administrative notice in the social security context. In addition, the ALJ provided no basis upon which to take administrative notice in this case, especially in light of Dr. Yendrek's opinion identifying Plaintiff's alcohol abuse as separate from her mental health conditions, with both requiring resolution before she could return to work, and in light of the agency examining psychologist's finding that Plaintiff's psychological symptoms would remain even if she were sober. Tr. at 265, 436. Moreover, the ALJ took administrative notice of a fact dealing with medical matters, which was improper. "An ALJ may not take administrative notice of medical matters." *Keith v. Astrue*, No. ED CV 07-1248-E, 2008 WL 2949430, at *2 (C.D. Cal. 2008), unpublished. It is true that an administrative agency may take notice of technical or scientific facts within the agency's area of expertise. *Sykes v. Apfel*, 228 F.3d 259, 272 (3rd Cir. 2000). However, the area of expertise for the SSA is to administratively determine whether a claimant is disabled within the social security context and is entitled to benefits due to that disability. 42 U.S.C. § 423(d)(2)(when an individual is determined to be disabled under the Social Security Act); 20 C.F.R. § 404.1527(e) *(*issues reserved to the Commissioner); *Mullen v. Bowen*, 800 F.2d 535, 541, fn. 5 (6th Cir. 1986)(describing role of ALJ); *Steele v. Astrue*, No. 2009 WL 890056, citing SSR 96-5p, 61 Fed. Reg. 35571, 34472 ("While medical observations, opinions, and treatments are well within the physician's expertise, the analysis of the claimant's legal disability falls within the ALJ's professional, legal expertise and, accordingly, the disability determination is reserved for the ALJ's judgment.").

The impact of alcohol on a mental condition is beyond the scope of that area of expertise.

The Court acknowledges that the Administrative Procedure Act provides that "[w]hen an agency decision rests on official notice of a material fact not appearing in the evidence in the record, a party is entitled, on timely request, to an opportunity to show the contrary." 5 U.S.C. § 556(e). Here, however, the ALJ rested his determination as to the weight to give Plaintiff's treating psychiatrist upon his unsupported conclusions that alcohol exacerbates mental disorders and he provided no opportunity for Plaintiff to show the contrary. The problem with the ALJ stepping beyond the medical record is apparent because Plaintiff in her reply cites to medical literature suggesting that it is mental health conditions that could motivate a relapse to drinking alcohol, not

alcohol that exacerbates mental health symptoms. ECF Dkt. #20 at 3., fn. 1.

Given the ALJ's failure to determine if Dr. Yendrek's March 17, 2008 opinion was entitled to controlling weight and the lack of substantial evidence otherwise to support his decision, the Court finds that the ALJ has failed to comply with the treating physician rule.

### B.   **Harmless Error Analysis**

The Sixth Circuit has held that the good reason requirement for the treating physician rule "does not require conformity at all times" and such a failure amounts to harmless error:

> if the ALJ has met the goals of the procedural requirement-to ensure adequacy of review and to permit the claimant to understand the disposition of his case-even though he failed to comply with the regulation's terms. *Id.* [*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004)]. An ALJ may accomplish the goals of this procedural requirement by indirectly attacking the supportability of the treating physician's opinion or its consistency with other evidence in the record.

*Coldiron v. Comm'r of Soc. Sec.,* No. 09-4071, 2010 WL 3199693 at *4 (6th Cir. Aug. 12, 2010), unpublished, citing *Nelson v. Comm'r of Soc. Sec.*, 195 Fed. App'x 462, 470-472 (6th Cir. 2006) and *Hall v. Comm'r of Soc. Sec.*, 148 Fed. App'x 456, 464-465 (6th Cir. 2005).

Only where a treating doctor's opinion "is so patently deficient that the Commissioner could not possibly credit it" will the Court not reverse a case where an ALJ fails to observe the requirements for evaluating the weight given to a treating physician. *Wilson*, 378 F.3d at 547. The Sixth Circuit stated in *Rogers*:

> Because of the significance of the notice requirement in ensuring that each denied claimant receives fair process, a failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinions denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.

*Rogers*, 486 F.3d at 243. Admittedly, Dr. Yendrek's March 17, 2008 opinion is a bit confusing as he separates Plaintiff's substance abuse problems from her mental health impairments but meshes the issues together in some parts of his opinion. Tr. at 436. However, the opinion is not "patently deficient" such that it could not be credited. Since the ALJ failed to indicate that he considered all necessary factors and failed to articulate why he did not afford controlling weight to Dr. Yendrek's opinion, the Court reverses and remands this case for the ALJ to reconsider Plaintiff's RFC and

properly apply the treating physician rule to Dr. Yendrek's opinion and RFC assessment.

## VI. CONCLUSION

For the foregoing reasons, the Court REVERSES the Commissioner's decision and remands the instant case for the ALJ to reconsider Plaintiff's RFC and to properly apply the treating physician rule to Dr. Yendrek's opinion. Since the application of the treating physician rule may impact the subsequent steps in the sequential process for the entitlement to SSI and DIB, the Court declines to address Plaintiff's other assertion of error.

DATE: March 8, 2011        */s/George J. Limbert*
                            GEORGE J. LIMBERT
                            UNITED STATES MAGISTRATE JUDGE